Appeal from Burleson. Tried below, before the Hon. JAMES E. SHEPARD.
*J. D. Giddings*, for appellant.
*Attorney General*, for appellee.
ROBERTS, C. J., delivered the opinion of the Court.

Judgment reversed and applicant discharged.

---

## EX PARTE A. P. WILEY.

Applicant petitioned the Hon. J. A. BAKER, Judge of the 7th Judicial District, on the 25th of May, 1864, for the writ of Habeas Corpus, alleging that he was illegally restrained of his liberty by J. M. Gary, Enrolling Officer, Walker County, without any writ, order or process for so doing: respondent claimed to hold applicant as a conscript. Applicant insisted that he was not liable to conscription, for the reason, that he was retained in the military service of the State, by virtue of the act of the Legislature of December 16th, 1863. On the trial of the cause, applicant was remanded to the custody of the respondent to this writ, and notice of appeal given. On the 9th day of August, 1864, applicant again petitioned the same authority, for the writ of habeas corpus, alleging that he was illegally restrained of his liberty by Capt. S. M. Drake, Commandant of Camp Greer, Harris County, without any order, writ, or process, as far as applicant was informed, upon diligent inquiry made. Respondent to the second writ, in his return, said, he held applicant in custody, as a person owing military service, under the conscript laws of the Confederate States, as Commandant of Camp Greer,—a camp for the instruction of conscripts. On the hearing of the second application, applicant filed an affidavit stating that, on the 28th of May, 1864, he was adjudged liable to military service, by JAS. A. BAKER, Judge of the 7th Judicial District, who refused to commit him to the custody of the law, pending an appeal to the Supreme Court, of which he then gave notice; and the Enrolling Officer of Walker County, before the expiration of twenty days from said decision, sent him to Col. Kirby, the enrolling officer for the third Congressional District, since which time, he has remained under the control and restraint of the conscript officer of the Western District of Texas; and he would have executed said appeal bond, if he had known that he could have been committed to the custody of the law, pending said appeal—and having since learned that the Judge afterwards came to the opinion that applicant, and others similarly disposed of by him, about the same time, ought to be committed to the custody of the law pending said appeal, he now desires to avail himself of the privilege of which the former ruling of the Judge deprived him. Upon this showing, the Judge ordered that the applicant be committed to the custody of the Sheriff of Walker County, pending said appeal, provided he executed his appeal bond in said case to the satisfaction of the Clerk of the District Court of Walker County, within five days from the date of the hearing of this application. And the Clerk of the District Court of Walker County was directed to add these proceedings in the transcript of said appeal case, as a part of the record of the Supreme Court. Whereupon the applicant executed his appeal bond, on the 1st day of September, 1864, and prosecuted his appeal from the judgment on the first application. *Held*, that applicant, at the time he applied for the first writ of habeas corpus, was liable to service in the army of the Confederate States, and that all the proceedings subsequent to the judgment upon the first writ of habeas corpus, were irregular and unauthorized.

The 4th section of the act of the legislature, of December 16th, 1863, " to

provide for the defence of the State," expressly prohibits the enrollment or classification among the militia, of persons liable to service in the army of the Confederate States.

When on the trial of a habeas corpus case, judgment has been rendered, and all the papers pertaining thereto have been filed with the clerk, by the judge, he cannot, at any time afterwards, alter or modify his judgment.

The failure of a party to perfect an appeal, because of an erroneous ruling of the Court, is no reason for permitting him to do so at an improper time, or in an improper manner.

Art. 719, Code of Criminal Procedure, does not require an appeal bond to give this Court jurisdiction in cases of appeal, on applications for the writ of habeas corpus.

The custody of an applicant for the writ of habeas corpus, when his body is brought into Court by the respondent, with his return to the writ, devolves upon the Court, pending the original hearing ; and it may make such disposition of him as the necessity or justice of the case may require : whether such applicant be placed in prison, in charge of the officers of the Court, admitted to bail, or remitted to the control of the respondent, he is still to be regarded as in the custody of the Court, and held by virtue of its authority and in obedience to its order

An appeal in cases of habeas corpus was given to secure the rights of the applicant, and not to enable him temporarily to evade the control of the respondent, if liable thereto.

The more appropriate disposition of the applicant, pending an appeal in a habeas corpus case, is to place him in charge of the party to whose custody, in the judgment of the Court, he is justly subject, unless it be shown that some other course is necessary for securing his rights, or accomplishing the ends of the law.

Art. 761, Code of Criminal Procedure, clearly shows that it was not intended, that the applicant should be retained in the custody of the Court or its officers, in all cases, pending an appeal.

Appeal from the Judgment of the Hon. J. A. BAKER, Judge of the 7th Judicial District, sitting in Chambers, at Huntsville.

*A. P. Wiley,* for himself.

*Attorney General,* for appellee.

MOORE, J., delivered the opinion of the Court.

Judgment of the Court below, on the trial of the first writ of habeas corpus, affirmed.

---

### EX PARTE JOHN B. WILLIAMS.

On the 28th day of June, 1864, applicant was examined by the Board of Examining Surgeons, 3d C. D. T., found incompetent to perform military duty in the field, on account of physical disability, but able to do light duty in the Q. M. Department. A certificate to that effect was signed by said Board, and approved by the Enrolling Officer of Harris County. On the 29th day of July, 1864, the applicant was re-examined by said Board, and held liable to active field duty. Writ issued Aug. 31st, 1864. The return thereto made the 15th of September, 1864, by S. M. Drake, commandant of camp of instruction, claiming to hold applicant as a conscript, owing military service to the Confederate